IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                             *
    v.                       *     CR 114-060
                             *
SARAWIN NAT INTAKANOK        *

O R D E R

Defendant Sarawin Nat Intakanok has filed an "Emergency Motion for Compassionate Release Pursuant to 3582(c)" because he is apprehensive of the COVID-19 pandemic, particularly in a prison setting. The Government opposes the motion. Upon due consideration, the Court denies Intakanok's request for relief.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." In this case, Intakanok concedes that he did not allow thirty days to elapse from his request to the warden to file the instant motion. Thus, Intakanok did not exhaust his administrative remedies prior to seeking relief in this Court, and the Court must therefore deny his motion on this basis.[1]

Moreover, in consideration of his bid for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of

---

[1] Intakanok argues that the exhaustion requirement should be waived because a prison official admitted the administrative process is not adequately functioning at present. (See Def.'s Mot., Doc. 133, at 4-6.) The Court need not determine whether the exhaustion requirement is waivable since Intakanok cannot satisfy his burden to show that he is entitled to relief as discussed infra.

2

extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

Intakanok bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). Here, he has not made any argument let alone showing justifying his release other than a generalized concern about COVID-19, which is too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, Intakanok has failed to show that he *individually* qualifies under any category of extraordinary and compelling circumstances, and his motion must be denied for this reason as well.

3

Upon the foregoing, Defendant Sarawin Nat Intakanok's emergency motion for compassionate release (doc. 133) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA